IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-50377

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN C. MILLIKIN, III,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
(SA-96-CR-327-1)

---

January 7, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted defendant John C. Millikin, III, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Millikin raises a sufficiency of the evidence challenge to his conviction. He argues that the evidence at trial demonstrated that his father was in joint occupancy of the house in which the weapons attributed to Millikin were found. He also contends that his father was the owner and sole possessor of the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearms. Accordingly, he asserts that the evidence was insufficient to prove that he was either in constructive or actual possession of the firearms.

Normally, the government may establish constructive possession where the defendant exercises "ownership, dominion, or control over the contraband itself or dominion or control over the premises in which the contraband is concealed." United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993). In joint occupancy situations, however, mere control or dominion over the place in which the contraband is found is insufficient to establish constructive possession. See id. Rather, in such situations, we require evidence "supporting at least a plausible inference that the defendant had knowledge of and access to the weapon or contraband." Id.

As this is a sufficiency of the evidence challenge following a jury conviction, we review the evidence in the light most favorable to the government. See United States v. Ivy, 973 F.2d 1184, 1188 (5th Cir. 1992). Here, there was ample evidence offered at trial to indicate that Millikin in fact was the sole occupant of the residence in which the guns were found. Sole occupancy and dominion over the house in which the weapons were found would support a finding of constructive possession. See United States v. Ybarra, 70 F.3d 362, 365 (5th Cir. 1995). Alternatively, the government offered evidence that Millikin had knowledge of the weapons in his house, and at least one of the firearms was found

2

next to his bed.  The jury could reasonably have concluded that even if this were a joint occupancy situation, Millikin had knowledge of and ready access to the contraband.  See Mergerson, 4 F.3d at 349.  Thus, there was adequate circumstantial indicia of Millikin's possession to support his conviction.  See id.

AFFIRMED.